IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| ERIC VON TAPLETT, individually and on behalf of all others similarly situated.<br><br>Plaintiff,<br><br>v.<br><br>THE COLE GROUP, LLC,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Eric Von Taplett ("Plaintiff") brings this putative class action individually and on behalf of all others similarly situated, seeking statutory and other damages against Defendant The Cole Group, LLC ("COLE GROUP" or "Defendant") and alleges, based upon Plaintiff's personal knowledge, the investigation of counsel, and upon information and belief, as follows:

### PRELIMINARY STATEMENT

1. This is an action to recover damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

2. The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information reported in consumer reports (commonly referred to as "credit reports"). Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA. *See* 15 U.S.C. § 1681a.

3. To that end, the FCRA imposes the following duties on consumer reporting agencies: (1) consumer reporting agencies must maintain procedures to avoid the inclusion of

outdated and obsolete information in consumer reports; and (2) consumer reporting agencies must devise and implement reasonable procedures to ensure the "maximum possible accuracy" of information contained in consumer reports.

4. The FCRA provides consumers with a private right of actions against consumer reporting agencies that willfully or negligently fail to comply with their statutory obligations under the FCRA.

5. Plaintiff, Eric Von Taplett ("Plaintiff"), therefore brings this putative class action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") alleging that COLE GROUP has negligently and recklessly disseminated consumer reports concerning Plaintiff's and countless others' backgrounds that wrongfully reported outdated and obsolete criminal charges that were *dismissed* beyond the time allotted under the FCRA due to willfully insufficient policies and procedures.

6. Plaintiff, individually and on behalf of the Class members, seeks statutory and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## PARTIES

7. Plaintiff is a natural person and resident of the State of Texas and qualifies as a "consumer" as defined and protected by the FCRA.

8. Defendant The Cole Group, LLC ("COLE GROUP") is a "consumer reporting agency" as that term is defined under 15 U.S.C. § 1681a(f), as it "regularly engages in whole or in part in the practice of assembling or evaluating credit information or other information on consumers for the purpose of furnishing consumer reports to third parties" in exchange for monetary compensation, by means of interstate commerce. Defendant COLE GROUP is a Texas

limited liability company that maintains its primary place of business at 10050 NW Freeway, Suite 300, Houston, Texas 77092.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. Defendant regularly conducts business within the State of Texas, and violated Plaintiff's rights under the FCRA in the State of Texas as alleged more fully below.

10. Venue is proper in this District under 28 U.S.C. 1391(b) because Plaintiff resides in this District, Defendant conduct regular business in this District, and communications giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS

11. Sometime prior to May 21, 2024, Plaintiff applied for employment with Abacus Plumbing Company ("Abacus") as an Electrician Service Tech.

12. As part of his application, Plaintiff consented that Abacus could obtain a background consumer reporting regarding himself. Abacus then contracted with Defendant to procure this report.

13. Shortly thereafter, Plaintiff received an email in response to his application indicating that he was being denied employment due the results of the consumer report provided by Defendant, specifically due to the results of the criminal history section

14. When Plaintiff review the report provided by Defendant, he was frustrated to see that Defendant was reporting the following obsolete and outdated case information: "06/22/13 – Misdemeanor – Driving While License Invalid with Previous Conviction/Suspenstion without Financial responsibility – *Dismissed on 11/26/13*." (Emphasis added).

15. Plaintiff was upset and frustrated because to his understanding, adverse information such as dismissed criminal charge is not reportable on a consumer report beyond 7 years.

16. Indeed, the FCRA provides that "no consumer reporting agency may make any consumer report containing…adverse item[s] of information, other than records of convictions of crimes *which antedates the report by more than 7 years*." 15 U.S.C. § 1681c(a)(5) (emphasis added).

17. Accordingly, on or about June 10, 2024, Plaintiff initiated an email dispute with COLE GROUP, specifically indicating that this offence had been dismissed and should be removed from his report.

18. Sometime shortly thereafter, Plaintiff called a representative from COLE GROUP to inquire about the status of his dispute. On this call, he specifically indicated that the dispute related to obsolete and dismissed charges on his consumer report. The COLE GROUP representative indicated that their only responsibility was to respond to disputes sent via US mail and that "the only thing I can help you with is if the information that was reported is inaccurate. If you're trying to say it that its over 10 years and shouldn't be reported, youll have to take that up with whoever it was the company that you're applying with."

19. When Plaintiff again insisted that this outdated information related to dismissed charges, the representative responded that "well, dismissed charges can be reported sir."

20. Upon information and belief, Plaintiff has maintained woefully insufficient procedures for preventing violations of section 1681c.

21. Specifically, and based upon the representations by Defendant's representatives, Defendant maintains drastically insufficient policies to ensure that dismissed charges which antedate the report by more than seven years are not included on consumer reports .

22. To make matters worse, Defendant's report itself expressly stated that Plaintiff's offence was dismissed, and included the very date associated with these publicly available records which would indicate the start of the seven year period.

23. Upon information and belief, Defendant has reported dismissed charge criminal information that antedates the date of the report for countless other individuals.

24. Notably, The CFPB recently issued guidance affirming that "consumer reporting agencies must comply with their FCRA obligation to 'follow reasonable procedures to assure maximum possible accuracy' under section 607(b). In particular, a consumer reporting agency that reports public record information is not using reasonable procedures to assure maximum possible accuracy if it does not have reasonable procedures in place to ensure that… it includes any existing disposition information if it reports arrests, criminal charges, eviction proceedings, or other court filings." CFPB, *Advisory Opinion on Fair Credit Reporting; Background Screening*, 89 Fed. Reg. 4171 (Jan. 23, 2024) (*FCRA Background Screening AO*).

25. Further, the CFPB reiterated in its advisory opinion that non-conviction information is expressly precluded from being reporting under section 1681c of the FCRA when the date of entry (the date of filing of the action) antedates the report by more than seven years. *Id*.; *see also* 15 U.S.C. § 1681c(a)(5).

26. Moreover, "[a] violation is willful when it is inconsistent with 'authoritative guidance' from a relevant agency. As with any guidance issued by the CFPB on the FCRA… consumer reporting agencies risk liability… if they violate the FCRA in a manner described in this advisory opinion, regardless of whether the consumer reporting agencies were previously liable for willful violations prior to its issuance." *Id*.

27. Pursuant to Section 1681(e)(a) of the FCRA, "[e]very consumer reporting agency shall maintain reasonable procedures designed to avoid violations of section 1681c of this title." 15 U.S.C. 1681e(a).

28. Pursuant to Section 1681e(b) of the FCRA, "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

29. Upon information and belief, Defendant fails to have such procedures, as it allows for outdated adverse non-conviction information to appear on consumer's reports, despite the FCRA specifically proscribing otherwise.

30. As a direct result of Defendant's outdated reporting, Plaintiff and the Class members have been damaged. For example, legally protected derogatory information which otherwise should not have been included in their consumer reports was disseminated to Plaintiff's and the Class members' potential employers, invading their privacy and causing them defamatory harm.

31. These injuries are particularized and concrete, but difficult to quantify, rendering the recovery of class statutory damages ideal and appropriate.

32. At all times pertinent hereto, Defendant's conduct was willful and/or negligent, and carried out in reckless disregard for a consumer's rights as set forth under sections 1681c and 1681e of the FCRA. Accordingly, Plaintiff and the Class are entitled to statutory and punitive damages under 15 U.S.C. §§ 1681n and 1681o. Defendant is also liable for Plaintiff's reasonable attorneys' fees and costs.

33. As a direct and proximate result of the Defendant's willful and/or negligent refusal to assure maximum accuracy of credit reports as mandated by the FCRA, Plaintiff and the Class members have been harmed in their daily lives, by the impact that this outdated derogatory information has had on their ability to secure housing.

34. As an example, Plaintiff was denied her housing application with the Abacus and suffered emotional distress along with embarrassment, frustration, and annoyance because of Defendant's conduct.

## CLASS ALLEGATIONS

35. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and all others similarly situated.

36. The Class is defined as follows:

> **All natural persons residing in the United States on whom, from two year prior to the filing of this action and through the date of class certification, Defendant compiled and furnished a consumer background report which contained adverse non-conviction information that antedated the report by more than seven years**.

37. Plaintiff reserves the right to amend the definition of the Class based on discovery or legal developments.

38. Specifically excluded from the Class are: (a) all federal court judges who preside over this case and their spouses; (b) all persons who elect to exclude themselves from the Class; (c) all persons who have previously executed and delivered to Defendant releases of all their claims; and (d) Defendant's employees, officers, directors, agents, and representatives and their family members.

39. **Numerosity.** The Class is so numerous that joinder of all members is impracticable. At this time, Plaintiff does not know the exact size of the Class. Based on information and belief,

the Class is comprised of at least hundreds, if not thousands, of members who are geographically dispersed throughout the country so as to render joinder of all Class members impracticable. The names and addresses of the Class members are identifiable through documents maintained by Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

40. **Commonality.** Common questions of law and fact exist as to all members of the Class and predominate over the questions affecting only individual members. The primary common legal and factual questions are:

   a. Whether the Defendant willfully and/or negligently violated the FCRA by including outdated adverse information in consumer reports which antedated the reports by more than seven years;

   b. Whether the Defendant willfully and/or negligently violated the FCRA by failing to maintain reasonable procedures for complying with 15 U.S.C. 1681c;

   c. Whether the Defendant willfully and/or negligently violated the FCRA by failing to follow reasonable procedures in preparing and selling consumer reports;

   d. Whether Plaintiff and the Class have been injured by Defendant's conduct;

   e. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, the proper measure and appropriate formula to be applied in determining such damages and restitution; and

   f. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

41. **Typicality**. Plaintiff's claims are typical of the claims of each Class member. Plaintiff has the same claims for statutory and punitive damages that she seeks for absent class members.

42. **Adequacy.** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests coincide with, and are not antagonistic to, other Class members' interests. Additionally, Plaintiff has retained counsel experienced and competent in complex consumer and class-action litigation. Plaintiff's counsel have prosecuted complex consumer class actions across the country.

43. **Predominance and Superiority.** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the Class members individually to redress effectively the wrongs done to them. Even if the Class members themselves could afford such individual litigation, it would be an unnecessary burden on the courts.

44. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

## CAUSES OF ACTION

### COUNT I
### Violation of the FCRA, 15 U.S.C. § 1681c

45. Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

46. Plaintiff brings this claim individually and on behalf of all others similarly situated.

47. Section 1681c(a)(5) of the FCRA provides that "no consumer reporting agency may make any consumer report containing… adverse item[s] of information, other than records of convictions of crimes which antedates the report by more than seven years."

48. Defendant is currently violating, and continues to violate, 15 U.S.C. § 1681c(a)(5) by reporting outdated and obsolete adverse information on Plaintiff's and the Class members' consumer reports that is more than the statutory period allows.

49. Defendant's violations are egregious to the point of being willful, giving rise to liability under 15 U.S.C. § 1681n, or additionally, negligent, giving rise to liability under 15 U.S.C. § 1681o.

50. As a direct and proximate result of Defendant's willful and/or negligent failure to follow procedures to adhere to the statutorily provided reporting period, Plaintiff and the Class have been harmed, as explained above.

## COUNT II
## Violation of the FCRA, 15 U.S.C. § 1681e(a)

51. Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

52. Plaintiff brings this claim individually and on behalf of all others similarly situated.

53. Section 1681e(a) of the FCRA requires that, "["[e]very consumer reporting agency shall maintain reasonable procedures designed to avoid violations of section 1681c of this title." 15 U.S.C. 1681e(a).

54. Accordingly, Defendant was required to maintain and follow procedures to avoid violations of in 1681c in the consumer reports it prepared concerning Plaintiff and the Class. This includes maintaining and following procedures to prevent outdated adverse information from appearing on reports.

55. However, Defendant failed to do so.

56. Were Defendant to follow procedures to avoid violations of in 1681c in the consumer reports it prepared concerning Plaintiff and the Class members, it would not be possible for it to report a dismissed criminal offense from 2013 on Plaintiff's reports.

57. If Defendant were meeting its obligation to maintain and follow procedures to avoid violations of in 1681c in the consumer reports it prepared for Plaintiff and the Class members, it would have prevented this outdated adverse information from being reported in the first place.

58. Defendant's violations are egregious to the point of being willful, giving rise to liability under 15 U.S.C. § 1681n, or additionally, negligent, giving rise to liability under 15 U.S.C. § 1681o.

59. As a direct and proximate result of Defendant's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff and the Class have been harmed, as explained above.

## COUNT III
### Violation of the FCRA, 15 U.S.C. § 1681e(b)

60. Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

61. Plaintiff brings this claim individually and on behalf of all others similarly situated.

62. Section 1681e(b) of the FCRA requires that, "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure ***maximum possible accuracy*** of the information concerning the individual about whom the report relates." 15 U.S.C. §1681e(b) (emphasis added).

63. Accordingly, Defendant was required to follow procedures to assure maximum possible accuracy of the consumer reports it prepared concerning Plaintiff and the Class. This includes following procedures to prevent outdated adverse information from appearing on reports.

64. However, Defendant failed to do so.

65. Were Defendant to follow procedures to assure maximum possible accuracy of the consumer reports it prepared concerning Plaintiff and the Class members, it would not be possible for it to report a dismissed criminal offense from 2013 on Plaintiff's reports.

66. Moreover, if Defendant were meeting its obligation to follow procedures to assure maximum possible accuracy of the credit reports it prepares for Plaintiff and the Class members, it would have prevented this outdated adverse information from being reported in the first place.

67. Defendant's violations are egregious to the point of being willful, giving rise to liability under 15 U.S.C. § 1681n, or additionally, negligent, giving rise to liability under 15 U.S.C. § 1681o.

68. As a direct and proximate result of Defendant's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff and the Class have been harmed, as explained above.

## DEMAND FOR JURY TRIAL

69. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the Class pray for relief as follows:

A. That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and their counsel to represent the Class;

B. That judgment be entered in favor of Plaintiff and the Class against Defendant for statutory damages and punitive damages pursuant to pursuant to 15 U.S.C. §§ 1681n and/or 1681o, including pre-judgment and post-judgment interest;

C. That the Court award the costs of this action and reasonable attorneys' fees and expenses pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

D. That the Court issue a declaration that Defendant's conduct alleged herein is unlawful, as set forth more fully above;

E. That the Court grant equitable relief, enjoining Defendant from engaging in the unjust and unlawful conduct alleged herein; and

i. That the Court grant Plaintiff and the Class such other and further relief as may be just and proper.

Dated: August 25, 2024                By: */s/ Yitzchak Zelman*
                                      Yitzchak Zelman, Esq.
                                      MARCUS & ZELMAN, LLC
                                      701 Cookman Avenue, Suite 300
                                      Asbury Park, New Jersey 07712
                                      (732) 695-3282 telephone
                                      (732) 298-6256 facsimile
                                      yzelman@marcuszelman.com

                                      *Attorneys for Plaintiff and the proposed Class*